FILED

2021 Nov-02  AM 10:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DONNIE W. BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:21-cv-00354-LSC-SGC |
| | ) | |
| KENNETH PETERS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

The magistrate judge entered a report on September 3, 2021, recommending the court deny Petitioner Donnie W. Brown's motion for abeyance and dismiss this action without prejudice.  (Doc. 3). Specifically, the magistrate judge determined Brown's motion does not raise any ground on which he claims he is being held in violation of the Constitution or laws of the United States and, therefore, the motion cannot be construed as a petition for a writ of habeas corpus.  (Doc. 3 at 2).   On September 24, 2021, Brown filed objections to the magistrate judge's report and recommendation.  (Doc. 4).

In his objections, Brown contends he "just started on [his] Rule 32" and, therefore, cannot assert any claim for relief at this time.  (Doc. 4 at 1).[1]  Because

---

[1] Brown also requests information regarding the time-period for filing a federal habeas petition. (Doc. 4 at 1).  While the court cannot give Brown legal advice, the one-year limitation period for filing a federal habeas petition by a person in custody pursuant to a state court judgment is addressed in 28 U.S.C. § 2244(d)(1).  In addition, 28 U.S.C. § 2244(d)(2) provides that the one-

Brown concedes he has not raised any ground for relief in the present action, his motion for abeyance cannot be construed as a petition for a writ of habeas corpus, and this action warrants dismissal.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and Brown's objections, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** her recommendation. Accordingly, this action is due to be due to be dismissed without prejudice.

To the extent it may be required, this court **DENIES** a certificate of appealability. The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Based on the foregoing, Brown has failed to make the requisite showing.

The court will enter a separate order.

---

year limitation period is tolled while a "properly filed" application for state post-conviction or other collateral review is pending.

**DONE** and **ORDERED** on November 2, 2021.

_____
L. Scott Coogler
United States District Judge

160704